ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES, ETC., demandantes y recurrentes, *v.* ANA MARÍA YANTÍN Y OTROS, demandados y recurridos.

Número: R-72-84     Resuelto: 21 de noviembre de 1974

*Jorge J. Oppenheimer Méndez, Elba Canales de Mattina y Rosa Emilia Palou Elosegui,* abogados de los recurrentes; *Leopoldo Bonilla Vélez,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Marcelino Burgos Resto falleció como consecuencia de un accidente de tránsito causado por la negligencia del conductor José A. Rovira Fernández. A tenor con las disposiciones de la Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. secs. 2051 a 2065, el Director Ejecutivo de la A.C.A.A. adjudicó en calidad de beneficios la cantidad de $5,000 a la viuda de la víctima Ana María Yantín Vda. de

Burgos, más $4,999.99 a ser distribuidos entre sus ocho hijos de conformidad con lo dispuesto en la Sec. 4 de la ley. 9 L.P.R.A. sec. 2054. Posteriormente la señora Yantín Vda. de Burgos y la anterior esposa de la víctima, Rafaela Aponte Bonilla, instaron, por sí y en representación de los hijos menores habidos en ambos matrimonios, una acción de daños y perjuicios contra los aquí recurridos Rovira Fernández y su aseguradora Puerto Rican American Insurance Company. Dicha acción se transigió por virtud de sentencia por la suma de $40,000.

En base a la sentencia por transacción la A.C.A.A. retuvo el pago de los $9,999.99 adjudicados a los beneficiarios y solicitó al tribunal de instancia una sentencia declaratoria a los fines de que se resolviera si ella podía dejar de pagar los beneficios ya adjudicados o si podía recobrar los mismos de la suma acordada en la sentencia por transacción. El tribunal resolvió que la A.C.A.A. estaba obligada a pagar los beneficios adjudicados y que no tenía derecho alguno a reembolso.

No conforme la A.C.A.A. nos pide en este recurso la revocación de la sentencia señalando cuatro errores que van dirigidos a impugnar la interpretación que hizo el tribunal de instancia de los Arts. 4, 6 y 8 de la mencionada Ley de Protección Social por Accidentes de Automóviles, 9 L.P.R.A. secs. 2051 a 2065.

La A.C.A.A. fundamenta su posición esencialmente en el texto del inciso (1) (d) del Art. 4 de dicha Ley, el cual dispone:

"  .      .      .      .      .      .      .      .

(d) Beneficios deducibles—Todos los beneficios o ventajas que la víctima o sus beneficiarios reciban o tengan derecho a recibir de otras fuentes en virtud de las lesiones sufridas, se deducirán de los beneficios que les correspondan bajo este Capítulo, excepto cuando aquí se disponga otra cosa.

Siempre que la víctima utilice los servicios que provee este Capítulo, los pagos que ésta o sus beneficiarios reciban o tengan derecho a recibir de otros programas de seguros por concepto

de dichos servicios, se pagarán a la Administración, hasta una suma que no excederá de la cantidad gastada por la Administración para prestar dicho servicio.

. . . . . . . ."

■ Partiendo de esta disposición, la A.C.A.A. arguye un supuesto derecho a recobrar o deducir los beneficios ya adjudicados. Su argumento incurre en el vicio de tomar aisladamente un artículo de la ley haciendo caso omiso del resto del articulado. Como sabemos, es norma sabia de hermenéutica que un estatuto debe ser interpretado en su conjunto y no tomando aisladamente una de sus disposiciones. *Sales* v. *Samac Motor Corp.*, 92 D.P.R. 529, 540 (1965); *Pueblo* v. *Dones*, 102 D.P.R. 118 (1974). Es por eso que deben verse las otras disposiciones pertinentes de la Ley como lo son los Arts. 6 y 8, 9 L.P.R.A. secs. 2056 y 2058.

El Art. 6 limita taxativamente el derecho de la A.C.A.A. a recobrar del causante de los daños los gastos en que ella incurra disponiendo al efecto que:

"(1) La Administración tendrá derecho a ser indemnizada por la persona responsable del accidente por todos los gastos en que incurra la Administración en relación con dicho accidente, si los daños fueron causados intencionalmente, o bajo los efectos del alcohol o de drogas narcóticas, o conduciendo un automóvil sin tener autorización legal para ello, o mientras se cometía un acto criminal que no sea una violación a las leyes de tránsito o mientras se participaba en competencias de carreras de automóviles o pruebas de velocidad.

. . . . . . . ."

Es decir, la A.C.A.A. puede únicamente recobrar en los casos expresamente mencionados en el Art. 6, a saber, cuando los daños fueran causados: 1) intencionalmente, 2) bajo los efectos de alcohol o de drogas, 3) conduciendo un automóvil sin tener autorización legal o 4) mientras se comete un acto criminal que no sea una violación a las leyes de tránsito o 5) participando en competencias de carreras de automóviles o pruebas de velocidad. Nótese que no se aplica el

recobro cuando el daño es causado por una violación a las leyes de tránsito como lo es precisamente el caso de autos.

El Art. 8 de la ley fortalece esta limitación al derecho de recobro relevando expresamente al causante del daño de pagar el importe de los beneficios cobrados por la víctima y sus beneficiarios. En lo pertinente dispone dicho artículo:

"(1) Los beneficios que provee esta ley . . . se pagarán, hasta los límites indicados en esta sección, en sustitución de las sumas que de otro modo tendría derecho a reclamar la víctima al amparo del principio de responsabilidad a base de negligencia, *relevándose a la parte responsable del pago de toda reclamación hasta dichos límites o hasta el importe de los beneficios cobrados por la víctima y sus beneficiarios, de los dos el que resulte mayor.*

. . . . . . . . . .

(3) . . . . . . . .

(a) En cada caso en que aplique esta sección el Tribunal deberá indicar separadamente el importe de la indemnización otorgada por daños debido a dolor y sufrimientos físicos y mentales y el importe de la indemnización otorgada por otras pérdidas.

. . . . . . . .

(c) *La reducción aplicable a daños y pérdidas por causas que no sean sufrimientos físicos y mentales será la suma de $2,000 o el importe de los beneficios totales pagados por la Administración, si dicho importe fuera mayor de $2,000.*

. . . . . . . . "

9 L.P.R.A sec. 2058. (Énfasis suplido.)

Surge con meridiana claridad de este artículo que el esquema adoptado por el legislador fue el de imponer responsabilidad a la A.C.A.A. para el pago de determinados beneficios especificados en el estatuto, respondiendo el causante del daño por cualquier cantidad en exceso de la adjudicada por la A.C.A.A.

█ La posición de la A.C.A.A. al insistir en un supuesto derecho de reembolso rompe este esquema legislativo privando a la víctima y sus beneficiarios de todo beneficio bajo la ley. Por un lado, éstos no podrían recobrar del causante del

daño y sus aseguradores el importe de los beneficios a que tiene derecho bajo la ley porque, como ya vimos, el Art. 8 expresamente releva de dicho pago al causante. Por otro lado, tampoco podrían obtener de la A.C.A.A. el pago de esos beneficios porque los mismos estarían sujetos a reembolso. Se desvanece así en una interpretación caprichosa los loables propósitos de la Ley de Protección Social por Accidentes de Automóviles. Nuestra misión—no parece necesario recordarlo —es darle eficacia a la ley y no restársela con interpretaciones que producen resultados inicuos.

■ Conviene señalar que el seguro provisto por la A.C.A.A. no tiene el propósito de duplicar o complementar la compensación o los beneficios en aquellos casos en que la víctima pueda percibirlos de otros programas de seguros para los cuales es elegible. El fin primordial del estatuto es llenar un vacío de necesidad social y no la de crear un seguro ortodoxo adicional. No se trata de un seguro más sino de un sistema reparador del daño resultante del uso y operación de vehículos de motor que, prescindiendo de culpa o negligencia, provee en favor de la víctima o sus beneficiarios servicios médico-hospitalarios y otros beneficios que no podrían recobrar del causante de los daños cuando éste careciere de bienes o de seguro corriente.

A tono con el propósito de evitar la doble compensación el Art. 4 inciso (1) (c), 9 L.P.R.A. sec. 2054 (1) (c), provee que si la víctima recibe pago de otras fuentes por servicios médico-quirúrgicos y de hospitalización la A.C.A.A. podrá recobrar de ella o sus beneficiarios hasta una suma igual al valor de los servicios prestados. Ese también es el tenor del Art. 4 (1) (d) *supra,* en el cual se basa la A.C.A.A. para sostener su pretención al recobro.

*Se dictará sentencia confirmando la dictada por el tribunal de instancia.*