MOISÉS ARCELAY RIVERA Y OTROS, demandantes y apelantes, *v.* DR. JOSÉ ALVAREZ DE CHOUDENS, demandado y apelado.

Número: O-76-518      Resuelto: 20 de septiembre de 1977

*Santos P. Amadeo, Angel F. Vélez Pozo* y *José Enrique Amadeo,* abogados de los apelantes; *Héctor A. Colón Cruz, Procurador General, Maribel Pérez Mora,* abogada del Departamento de Justicia, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Se impugna en este recurso la validez de los Arts. 4 y 6, incisos (a) y (c) del reglamento promulgado por el Secretario de Salud para regular la operación de establecimientos dedicados a la manufactura, producción, distribución y venta de productos farmacéuticos. Reglamento Núm. 39 de 20 de octubre de 1975.

El tribunal de instancia sostuvo la validez del reglamento y, en consecuencia, desestimó la demanda interpuesta por un grupo de auxiliares de farmacia. En apelación, éstos insisten en la nulidad de las mencionadas disposiciones reglamentarias señalando en apoyo de la revocación que las mismas son irrazonables y contrarias a las disposiciones de la Ley de Farmacia. Ley Núm. 282 de 15 de mayo de 1945; 20 L.P.R.A. secs. 381 a 404.

Examinemos primero el texto de las disposiciones de la Ley de Farmacia y el de las disposiciones reglamentarias ale-

gadamente en conflicto para luego considerar los señalamientos de los apelantes:

El inciso (B) de la Sec. 21 de dicha ley (20 L.P.R.A. sec. 400) provee:

"Un auxiliar de farmacia sólo podrá desempeñar bajo la inmediata supervisión de un farmacéutico, los trabajos del ramo que éste le asigne y podrá además por un período de no más de 6 horas durante las horas laborables de una farmacia en el día, ni más de 30 horas en una semana, sustituir al farmacéutico encargado de la misma, no *pudiendo mientras dure la ausencia del farmacéutico preparar recetas médicas.*" (Bastardillas nuestras.)

La Sec. 23 de la Ley de Farmacia (20 L.P.R.A. sec. 402) en lo pertinente provee:

"Todo establecimiento que se dedique a la preparación, venta o distribución de medicinas . . . tales como farmacias . . . estará personalmente atendido por un farmacéutico debidamente autorizado . . . *quien será responsable de la fidelidad en el despacho o preparación de las recetas . . . .*

En ningún momento el farmacéutico podrá ausentarse del establecimiento . . . excepto en sus ausencias temporeras que no excederán de seis horas durante un día laborable ni más de 30 horas en cada semana natural, en las cuales será sustituido por un auxiliar de farmacia según especificado en el apartado (B) de la sec. 400 de este título . . . . *Disponiéndose, que en caso de que el farmacéutico . . . se ausentare . . . por más de 6 horas en un día o más de 30 horas en una semana natural, tendrá que ser sustituido por otro farmacéutico, o en su defecto cerrar el establecimiento a su cargo hasta su regreso . . . .*" (Bastardillas nuestras.)

Las disposiciones reglamentarias impugnadas proveen en lo pertinente:

"Artículo 4

(a) Las ausencias temporeras de un farmacéutico regente estarán sujetas a que obedezcan a un propósito urgente y esporádico y a que no se prolongue ni se repita más allá del tiempo razonablemente indispensable para atender la necesidad que la motiva.

. . . . . . . .

(c) Si el farmacéutico regente no es sustituido por otro farmacéutico durante su ausencia temporera, el establecimiento quedará a cargo del auxiliar de farmacia; *Disponiéndose, que en dicha ausencia temporera no se despacharán prescripciones facultivas* . . . .

. . . . . . . .

Artículo 6

(a) Será ilegal preparar o despachar, . . . una receta o prescripción facultativa por una persona que no sea un farmacéutico autorizado: Disponiéndose, que un auxiliar de farmacia . . . podrá *despachar y preparar recetas bajo la inmediata supervisión de un farmacéutico autorizado.* Entendiéndose por supervisión inmediata la presencia física del farmacéutico en el ámbito del recetario y el cotejo de la labor realizada."

La contención de los apelantes es que las anteriores disposiciones de los Arts. 4 y 6 del Reglamento van más allá de la Sec. 23 de la Ley de Farmacia ya que el inciso (a) del Art. 4 condiciona las ausencias temporeras del farmacéutico a situaciones de urgencia y las limita al tiempo razonablemente necesario; mientras que el Art. 23 no impone tal limitación. También señalan los apelantes que el Art. 21(B) de la Ley de Farmacia, *supra*, sólo prohíbe al auxiliar de farmacia *preparar* recetas mientras que el Reglamento le prohíbe *preparar* y *despachar* recetas, lo que a su juicio resulta irrazonable porque tiene el efecto práctico de cerrar la farmacia y eliminar las funciones del auxiliar de farmacia.

No está clara la capacidad jurídica de los apelantes para cuestionar una disposición reglamentaria que no les afecta— cf. *Wackenhut Corp.* v. *Rodríguez Aponte*, 100 D.P.R. 518 (1972)—ya que el Art. 4(a) se refiere exclusivamente a las ausencias temporeras del farmacéutico regente y no se aduce perjuicio para los auxiliares de farmacia en virtud de las limitaciones contenidas en el mismo. No obstante, como este planteamiento está íntimamente ligado con el siguiente, lo

abordamos y hemos concluido que no hay conflicto entre el Art. 4 (a) y la Ley de Farmacia, *supra.*

La Ley de Farmacia fija en el farmacéutico la responsabilidad en el despacho de recetas, siendo él la única persona autorizada para prepararlas y despacharlas. Secs. 3 y 23 de la Ley de Farmacia. Es el farmacéutico el que supervisa al auxiliar de farmacia y el que garantiza con sus conocimientos especializados y su competencia profesional la fidelidad en el despacho de recetas.

La ley requiere la presencia del farmacéutico en el establecimiento mientras éste permanezca abierto, disponiendo la Sec. 23 en forma tajante que "En ningún momento el farmacéutico podrá ausentarse del establecimiento . . . .," siendo por excepción que se permiten ausencias temporeras de no más de seis horas en un día laborable y de 30 horas en cada semana natural. Más aún, si la ausencia es de más de 6 horas o de 30 horas a la semana, el farmacéutico deberá ser sustituido por otro o en su defecto deberá cerrar el establecimiento.

■ El tenor de la ley, como vemos, es limitar al mínimo necesario las ausencias temporeras del farmacéutico. La excepción no constituye una autorización en blanco para que éste se ausente del establecimiento por cualquier motivo, ya que en ese caso las farmacias podrían estar abiertas al público más de la mitad del tiempo sin un farmacéutico a cargo, derrotándose así el propósito fundamental de la Ley de Farmacia de promover la salud pública mediante la presencia del profesional competente en el despacho de recetas.

■ Al condicionar las ausencias temporeras del farmacéutico a motivos de urgencia y en forma esporádicas, y, limitarlas al tiempo razonablemente necesario, el Reglamento Núm. 39 cumple a cabalidad con el propósito y alcance de la Ley de Farmacia.

■ El segundo planteamiento de los apelantes tampoco tiene mérito pues se funda en una parte aislada de la Sec.

21 (B) sin tomar en cuenta el texto completo de la Ley de Farmacia. El significado y alcance de un estatuto se determina, como es sabido, leyéndolo en su totalidad y considerándolo en todo su conjunto pero no tomando aisladamente una de sus disposiciones. *A.C.A.A.* v. *Yantín*, 103 D.P.R. 59 (1974).

██ Los apelantes arguyen que la Sec. 21 (B) de la Ley de Farmacia, *supra*, sólo prohíbe a los auxiliares de farmacia el preparar recetas, mientras que el inciso (c) del Art. 4 y el (a) del Art. 6 del Reglamento les prohíbe tanto la preparación como el despacho de recetas. El argumento hace caso omiso de la Sec. 3 de la Ley, que específicamente requiere que las recetas o prescripciones facultativas sean *confeccionadas* y *despachadas* por un farmacéutico registrado; y, de la Sec. 23 que hace al farmacéutico responsable de la fidelidad en el *despacho o preparación* de recetas conforme las especificaciones de los médicos. Es decir, la Ley de Farmacia prohíbe al auxiliar de farmacia tanto el preparar como el despachar, por lo que no hay conflicto entre el Reglamento Núm. 39 y dicha ley.

██ Los apelantes pretenden distinguir entre los términos despachar y preparar en orden a la definición del diccionario sin percatarse de que se trata de términos técnicos que se interpretan de acuerdo al significado y acepción que tengan admitidas por los peritos o maestros en la ciencia, arte o profesión a la cual se refieren. Art. 16 del Código Civil, 31 L.P.R.A. sec. 16. La prueba pericial presentada por la apelada revela que los términos despachar, dispensar y preparar son sinónimos y se usan para indicar el "proceso que incluye desde el momento en que el farmacéutico toma una prescripción para ser despachada, la lee, interpreta, trae los ingredientes, los combina si hay que combinarlos o si son sustancias como cápsulas o tabletas para contarlas y finalmente las rotula." Testimonio de la perito Justina Pérez, Catedrática

del Colegio de Farmacia de la Universidad de Puerto Rico. (T.E. págs. 27–28.)

Un aspecto importante en el proceso de despachar recetas es el de asesorar al cliente sobre los riesgos, frecuentemente fatales de interacción de drogas, si éste está usando otros medicamentos. El farmacéutico es el profesional especialmente cualificado por sus conocimientos de la farmacología, química farmacéutica y farmacognosia para llevar a cabo este asesoramiento y advertir al cliente sobre las diversas reacciones y efectos del uso de una droga con otra. Gant: *Drug Interaction,* 103 Canadian Pharmaceutical Journal, 296, 297. Esta importante función de asesoramiento rebasa los limitados conocimientos del auxiliar de farmacia.

No es correcto que el Reglamento Núm. 39 tenga el efecto práctico de eliminar la función del auxiliar de farmacia. Este siempre puede despachar recetas bajo la supervisión inmediata y directa del farmacéutico y llevar a cabo otras labores auxiliares.

Concluimos que el Reglamento Núm. 39 es razonable y que éste está en armonía con las disposiciones de la Ley de Farmacia, *supra.*

*Se dictará sentencia confirmando la aquí recurrida.*

El Juez Asociado Señor Rigau no intervino.