TRINIDAD FIGUEROA y OTROS, demandantes y recurridos, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO y OTROS, demandados y peticionarios.

Número: O-82-471        Resuelto: 19 de octubre de 1982

*Miguel Pagán, Procurador General Interino,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogados de los peticionarios; *Osvaldo Pérez Marrero,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Ante el Tribunal Superior de Puerto Rico, Sala de San Juan, se radicó una demanda por daños y perjuicios el día 25 de febrero de 1982 contra el Estado Libre Asociado de Puerto Rico y otros demandados desconocidos, en la cual se alegó, en lo pertinente, que Lourdes María Díaz Figueroa

había fallecido el día 12 de noviembre de 1980 mientras se encontraba recluida en el Hospital de Psiquiatría de Puerto Rico —institución hospitalaria operada por el co-demandado Estado Libre Asociado— muerte que ocurrió por culpa y/o negligencia de la parte demandada. Se alegó, en adición, que la parte demandante había dado "cumplimiento al requisito de notificación establecido por ley".

La parte demandante en el referido caso la componen "Trinidad Figueroa, también conocida como Isabel Figueroa, a nombre y en representación de sus nietas Lourdes Díaz y Leslie Rosalyn Díaz". Es menester señalar que es únicamente en cuanto a estas dos últimas que se reclaman daños, no así en cuanto a Trinidad Figueroa, también conocida como Isabel Figueroa.[1]

El co-demandado Estado Libre Asociado de Puerto Rico prontamente presentó una moción de sentencia sumaria en la cual solicitó la desestimación de la demanda, porque la parte demandante no había cumplido con el requisito de notificación requerida por la Ley de Pleitos contra el Estado, ya que "[l]os hechos alegados en la demanda ocurrieron, según surge de la misma, el 12 de noviembre de 1980 y no es hasta el 24 de febrero de 1982 que la parte demandante le notifica al Secretario de Justicia, de conformidad a lo dispuesto en la Ley de Pleitos contra el Estado, 32 L.P.R.A. sec. 3077a, la posible demanda a radicarse. . .".

La parte demandante se opuso a dicha moción de sentencia sumaria y el tribunal de instancia señaló una vista para el día 17 de junio de 1982. Dicha vista no fue celebrada.[2]

---

[1] De acuerdo con lo dispuesto por el Art. 40 del Código de Enjuiciamiento Civil, la acción por daños y perjuicios entablada en beneficio de las dos menores fue hecha "en tiempo", por cuanto su causa de acción prescribía al año de haber llegado cada una de ellas a su respectiva mayoría de edad.

[2] En el expediente del caso no surge minuta alguna en relación con dicho día. La información extraoficial es a los efectos de que las partes se reunieron "en cámara" con el magistrado. En esta clase de situaciones los tribunales de instancia deben velar porque siempre haya una minuta; aun cuando ello sólo sea para

Con fecha de 21 de junio de 1982, el tribunal de instancia dictó una escueta resolución mediante la cual declaró sin lugar la referida moción de sentencia sumaria. (³) Recurrió ante nos, mediante *certiorari*, el Estado Libre Asociado de Puerto Rico con la imputación de error al tribunal de instancia al actuar así. Emitimos una resolución mediante la cual le concedimos a la parte demandante-recurrida el término de veinte días para que mostrara causa por la cual no debía revocarse la resolución recurrida.

La parte demandante-recurrida ha comparecido. Además de los argumentos estrictamente legales que expone en apoyo de la resolución que emitiera el tribunal de instancia —por primera vez en el caso— trae ante la consideración de este Tribunal ciertos hechos, con el propósito aparente de demostrar justa causa para no haber notificado al señor Secretario de Justicia de Puerto Rico antes de la fecha en que en realidad lo hizo. Estos hechos son: que a la fecha de la muerte de la madre las dos menores demandantes contaban la edad de cuatro y dos años, respectivamente, que nunca se ha sabido quién es el padre de las dos menores y que las menores, con posterioridad a la muerte de su madre, residieron con diferentes parientes hasta que, por último, fueron a vivir con su abuela materna, la Sra. Trinidad Figueroa. (⁴) Estamos en posición de resolver y procedemos a hacerlo así.

Dispone el Art. 2A de la Ley de Reclamaciones y Demandas contra el Estado, 32 L.P.R.A. sec. 3077a, que:

(a) Toda persona que tenga reclamaciones de cualquier clase contra el Estado Libre Asociado de Puerto Rico, por daños a la persona o a la propiedad, causados por culpa o ne-

expresar que las partes se reunieron en cámara con el juez y los acuerdos, si alguno, a que se llegó; ello constituye la mejor práctica.

(³) En dicha resolución, el tribunal de instancia no expresa fundamento alguno en apoyo de su decisión.

(⁴) Somos conscientes de que en esta etapa de los procedimientos, esos "hechos" son meras alegaciones no corroboradas.

gligencia de dicho Estado, deberá presentar al Secretario de Justicia una notificación escrita haciendo constar, en forma clara y concisa, la fecha, sitio, causa y naturaleza general del daño sufrido, los nombres y direcciones de sus testigos, y la dirección del reclamante, así como el sitio donde recibió tratamiento médico en primera instancia.

(b) Dicha notificación se entregará al Secretario de Justicia remitiéndola por correo certificado, o por diligenciamiento personal, o en cualquier otra forma fehaciente reconocida en derecho.

(c) La referida notificación se presentará al Secretario de Justicia *dentro de los noventa (90) días siguientes a la fecha en que el reclamante tuvo conocimiento de los daños que reclama.* Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, no quedará sujeto a la limitación anteriormente dispuesta, viniendo obligado a hacer la referida notificación dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad.

(d) *Si el perjudicado fuere un menor de edad, o fuere persona sujeta a tutela, la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso, vendrá obligado a notificar la reclamación dentro de los noventa (90) días siguientes a la fecha en que tuvo conocimiento de los daños que reclama.* Lo anterior no será obstáculo para que el menor, o la persona sujeta a tutela, haga la referida notificación, dentro del término prescrito, a su propia iniciativa, si quien ejerce la patria potestad o custodia, o tutela, no lo hiciere.

(e) No podrá iniciarse acción judicial de clase alguna contra el Estado Libre Asociado de Puerto Rico por daños causados por la culpa o negligencia de aquél, si no se hubiese efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos en esta sección, *a menos que no haya mediado justa causa para ello.* Esta disposición no será aplicable a los casos en que la responsabilidad del Estado esté cubierta por una póliza de seguro.

(f) Esta sección no modificará, en forma alguna, para aquellos reclamantes que cumplan con sus disposiciones, el término prescriptivo fijado por el inciso 2 de la sec. 5298 del Título 31. (Énfasis suplido.)

En *Loperena Irizarry* v. *E.L.A.*, 106 D.P.R. 357, 359–360 (1977), expresamos que "[n]uestra jurisprudencia ha sido constante en sostener que la notificación previa al Estado en reclamaciones por daños y perjuicios originados en negligencia exigida por Ley Núm. 121 de 24 de junio de 1966 (32 L.P.R.A. sec. 3077a), si bien es requisito de cumplimiento estricto, no alcanza calidad de condición precedente jurisdiccional. [Casos citados.] Esta calificación libera al tribunal de un automatismo dictado por el calendario y salva su fundamental facultad para conocer del caso y proveer justicia según lo ameriten las circunstancias".

Con ello en mente, examinemos el requisito de notificación exigido por la disposición legal transcrita, a la luz de los hechos particulares del presente caso.

El inciso *d* del referido Art. 2A nos informa, en lo pertinente, que si el perjudicado lo fuere un menor de edad, "la persona que ejerza la patria potestad o la custodia del menor, o el tutor, según fuere el caso" vendrá obligada a notificar la reclamación, en la forma y manera requerida por los incisos *a* y *b*, "dentro de los noventa (90) días siguientes a la fecha en que [el reclamante] tuvo conocimiento de los daños que reclama".

Esta "persona" o este "reclamante", quien tiene la responsabilidad de la notificación, por lo general, es el padre o la madre del menor involucrado, ya que usualmente los menores de edad viven en la compañía de su padre y su madre o en la compañía de, por lo menos, uno de ellos. Hemos resuelto que, si ese padre o esa madre no cumple con el requisito de la notificación, el menor de edad pierde su causa de acción. Véase: *Mangual* v. *Tribunal Superior*, 88 D.P.R. 491 (1963). [5]

En el presente caso, los hechos, *alegadamente*, son distintos: De entrada, hay que resaltar el hecho de que se trata de

---

[5] El Art. 153 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 601, impone el deber al padre y a la madre de representar a sus hijos "en el ejercicio de todas las acciones que puedan redundar en su provecho".

dos niñitas de tierna edad, por lo cual es obvio que no le sería aplicable lo dispuesto en el inciso *d* del citado Art. 2A, a los efectos de que el menor mismo puede hacer la notificación; en segundo lugar, las dos menores no sólo perdieron a su madre sino que nunca se ha sabido quién es el padre de ellas; en tercer lugar, después de la reclusión en el Hospital de Psiquiatría y la muerte de su señora madre, alegadamente las dos menores vivieron con distintos parientes, hasta que por fin —no se sabe la fecha en estos momentos— vinieron a vivir con su abuela.

En resumen, la primera gran interrogante que presenta este caso es: ¿En ausencia del padre y la madre, quién es la persona responsable de estas menores, ya sea en calidad de tutor y/o custodio de las mismas, y cuándo esa persona advino a dicha capacidad?[6]

Una vez determinado quién es el "reclamante", en relación con estas dos menores, sobre el que, de acuerdo con la ley recaía la responsabilidad de notificar la reclamación de ellas al Secretario de Justicia de Puerto Rico, nos tenemos que enfrentar a la segunda gran interrogante que presenta este caso: ¿Cuál es la fecha que va a servir de punto de partida para computar el término de noventa días de que habla la ley?

La posición de Procurador General, en representación del recurrente Estado Libre Asociado de Puerto Rico, es a los efectos de que el punto de partida lo es la fecha de la muerte de la madre de las dos menores, o sea, el 12 de noviembre de 1980. Ello no es necesariamente así.

La fecha que sirve de punto de partida para el cómputo del citado término va a ser aquella en que efectivamente el "reclamante" advino en conocimiento de que las dos menores de edad tenían una causa de acción contra el Estado; en otras palabras, hay que determinar cuándo

---

[6] Sobre este aspecto, véanse los artículos pertinentes del Código Civil de Puerto Rico relativos a la patria potestad y la tutela. Arts. 152 y 167 (31 L.P.R.A. secs. 591 y 661).

advino el "reclamante" en conocimiento de que la muerte de la occisa se debió a la negligencia del Estado Libre Asociado de Puerto Rico o, por lo menos, cuándo razonablemente debió haber advenido en conocimiento de ello. Esa es la única interpretación lógica de la frase en el estatuto, a los efectos de "la fecha en que tuvo conocimiento de los daños que reclama". Art. 2A, inciso *d*.

Prueba a esos efectos, si es que existe, es la que la demandante-recurrida debió presentar ante el tribunal de instancia antes de que éste emitiera su resolución de fecha 21 de junio de 1982. En bien de la justicia, procede dejar sin efecto la citada resolución y se devuelve el caso al tribunal de instancia para que, de conformidad con lo expuesto, brinde a la parte recurrida la oportunidad de presentar la referida prueba y resuelva conforme a derecho.

Por las razones antes expresadas, *se expide el auto, y se dictará sentencia que revoque y/o deje sin efecto la resolución emitida por el Tribunal Superior de Puerto Rico, Sala de San Juan, del 21 de junio de 1982, y se devuelven los autos a dicha Sala para que celebre la vista aquí ordenada y para cualesquiera otros procedimientos compatibles con lo aquí resuelto.* [7]

Los Jueces Asociados Señores Torres Rigual, Díaz Cruz y Negrón García concurren en el resultado sin opinión.

---

[7] La decisión a la que hemos llegado —a base de los hechos particulares del caso— hace innecesario el que entremos en la discusión de la posible inconstitucionalidad del precepto en controversia.