FRANCISCO ORTIZ MORALES, ETC., demandantes y recurridos, v. ADMINISTRACIÓN DE COMPENSACIONES POR ACCIDENTES DE AUTOMÓVILES, demandada y peticionaria.

Número: O-84-720    Resuelto: 9 de mayo de 1985

*Rafael Alen González,* abogado de la peticionaria; *José M. Ortiz Miller,* abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Como Tribunal, nuestro *desideratum* es hacer realidad la afirmación de Eugenio D'Ors que "cada sentencia justa que en el mundo ha sido, [contenga] el símbolo viviente de la justicia". (*Introducción a la crítica de arte,* Madrid, Ed. Aguilar, 1963, pág. 117), citado por C. Rodríguez-Aguilera, en *La Sentencia,* Barcelona, Ed. Bosch, 1974, pág. 94.

## I

El 29 de noviembre de 1980 la Sra. Laura Ortiz Lugo, fue impactada por un vehículo de motor (motocicleta). Como resultado de las lesiones graves recibidas, falleció horas más tarde. Al momento de su deceso contaba con 56 años de edad y estaba casada con Francisco Ortiz Morales de 78 años. El matrimonio tenía un hijo de 13 años, de nombre Francisco Ortiz Ortiz.

En representación del menor Ortiz Ortiz, su padre reclamó beneficios por muerte a la Adminnistración de Compensaciones por Accidentes de Automóviles. Esta reclamación fue denegada por el Director Ejecutivo de la A.C.A.A. bajo el fundamento de que no se había podido establecer la dependencia del menor con su madre, según exige la ley. Inconforme presentó reconsideración. Se declaró sin lugar. El 23 de noviembre de 1981, representado por primera vez por abogado, el reclamante solicitó audiencia pública. Ésta se celebró el 19 de enero de 1983. El 6 de julio de ese mismo año el Director Ejecutivo dictó resolución donde expresaba que la audiencia no procedía por haber sido solicitada transcurrido el término de carácter jurisdiccional de treinta (30) días.

En revisión, el Tribunal Superior, Sala de San Juan, dispuso la devolución del caso al foro administrativo con instrucciones de que la reclamación fuera dilucidada en sus méritos. A solicitud de A.C.A.A., revisamos mediante *certiorari*.

## II

La Ley Núm. 138 de 26 de junio de 1968, según enmendada, denominada "Ley de Protección Social por Accidentes de Automóviles", provee en su Sec. 11, el procedimiento para la adjudicación de reclamaciones. Reza:

(1) El Director Ejecutivo investigará y resolverá las reclamaciones que se hagan a la Administración utilizando para ello los procedimientos que considere convenientes siempre que en ellos se garantice el derecho de las partes.

En caso de que un reclamante no estuviere conforme con la determinación que haga el Director Ejecutivo, podrá solicitar la reconsideración de ésta dentro de quince (15) días de ser notificado con copia de la determinación.

*Si no estuviere de acuerdo con el resultado de la reconsideración podrá dentro de treinta (30) días de haber sido notificado solicitar una audiencia pública ante el Director Ejecutivo o un Examinador designado por éste.* El reclamante no podrá someter a la consideración del Director Ejecutivo en dicha audiencia pública aquella prueba que éste no tuvo ante sí al hacer la determinación, a menos que se demuestre a satisfacción del Director Ejecutivo la imposibilidad de obtener[la] anteriormente. (Énfasis suplido.) 9 L.P.R.A. sec. 2061.

En virtud de este texto, la A.C.A.A. argumenta que el término es jurisdiccional. Se apoya en la Regla 7.E de su Reglamento:

E. Términos para Solicitar Reconsideración o Audiencia, y para Apelar:

Los términos indicados en la Ley para solicitar reconsideración y audiencia, y para apelar, *son jurisdiccionales y mandatorios,* y no podrá aceptarse ninguna solicitud de reconsideración o audiencia, ni apelación radicada fuera de tales términos.

A los efectos de la computación de dichos términos, se aceptará la fecha del depósito en el correo de la solicitud o apelación como fecha de su radicación en la Administración. Si dichos términos vencieran en sábado, domingo o días feriados, no se incluirán dichos días en el cómputo de los términos.

El Director Ejecutivo o sus representantes autorizados, rechazarán de plano cualquier solicitud de audiencia o reconsideración que no se radique dentro de los términos provistos por la Ley y por este Reglamento. En casos de apelación ante la Junta de Directores, la Oficina del Director Ejecutivo podrá ejercer los deberes ministeriales que el Secretario de dicha Junta le asigne, y, como uno de ellos, rechazará de plano las apelaciones que no se radiquen dentro del término prescrito por la Ley.

Si no se solicitare reconsideración de la Determinación original dentro de los 15 días siguientes a su notificación, no podrá solicitarse luego audiencia ante el Director Ejecutivo. (Énfasis suplido.)

■ No tiene razón. La concepción del estatuto de Protección Social por Accidentes de Automóviles persigue un fin eminentemente social, *Morales* v. *Lizarribar*, 100 D.P.R. 717 (1972). Según su Exposición de Motivos "tiene como propósito fundamental el reducir a un mínimo los trágicos efectos económicos y sociales producidos por los accidentes de tránsito sobre la familia y demás dependientes de sus víctimas. Provee un alivio al cada día más creciente problema de las víctimas de accidentes de tránsito, proporcionando a éstas servicios médicos y un mínimo de ingresos que los libra de quedar en total desamparo y desvalimiento económico, así como compensaciones a los dependientes de víctimas fallecidas en tales accidentes".

Con miras a la consecución de la intención que la inspiró, en su redacción se incorporaron trámites sencillos, y la flexibilidad necesaria para hacer viable la reparación del daño. ([1])

---

[1] Ilustrativo de esto es la Sec. 8 que expresa:

"(1) Todo accidente que dé lugar a una reclamación de beneficios bajo este Capítulo, [se] deberá notificar a la Policía y a la Administración.

"(2) Toda persona con derecho a reclamar un beneficio bajo este Capítulo, deberá radicar su reclamación con la Administración excepto en caso de beneficios por muerte, dentro de los quince (15) días siguientes a la fecha de dicho accidente.

"(3) Las personas con derecho a beneficios por muerte deberán radicar su reclamación dentro de los ciento veinte (120) días siguientes a la muerte de la víctima, pero en todo caso el accidente deberá haber sido notificado a la Administración dentro de los quince días siguientes a la fecha del mismo.

"(4) Toda persona con derecho a reclamar un beneficio bajo este Capítulo deberá someter a la Administración dentro de los sesenta días siguientes a la fecha de la reclamación, toda la evidencia que sea razonablemente posible obtener en relación con las circunstancias del accidente y la pérdida sufrida y cualquier otro dato o evidencia incluyendo información sobre sus planes, contratos o pólizas que cubran o puedan cubrir los beneficios provistos por este Capítulo, así como cualquier otra evidencia adicional que se le requiera.

El carácter de protección social de la legislación apoya toda interpretación razonable y balanceada que tienda a beneficiar al tutelado. El Reglamento para implantarla no debe derrotar el espíritu que la inspiró.

█ Validar la posición sostenida por la A.C.A.A. desvanecería "en una interpretación caprichosa los loables propósitos de la Ley de Protección Social por Accidentes de Automóviles. Nuestra misión —no parece necesario recordarlo— es darle eficacia a la ley y no restársela con interpretaciones que produ[zcan] resultados inicuos". *A.C.A.A.* v. *Yantín,* 103 D.P.R. 59, 64 (1974).

█ En estas circunstancias, hermenéuticamente resolvemos que el término de 30 días establecido en la ley, es directivo, de estricto cumplimiento y no jurisdiccional. La propia ley, en su Sec. 8(5) admite suficiente flexibilidad para así estimarlo. Bajo este enfoque, actuó correctamente el foro de instancia al ordenar que la A.C.A.A. celebre una vista para determinar si la tardanza para solicitar reconsideración estuvo justificada. *Figueroa* v. *E.L.A.,* 113 D.P.R. 327 (1982). De determinarse que medió justificación para la dilación, la reclamación deberá ser resuelta en sus méritos.

Por los fundamentos expuestos, *se dictará sentencia confirmatoria.*

---

"(5) *El incumplimiento de lo dispuesto en los incisos precedentes podrá ser causa suficiente para que la Administración deniegue los beneficios provistos por este Capítulo, a menos que el reclamante demuestre a satisfacción de la Administración que le fue imposible cumplir con lo aquí dispuesto y que lo hizo tan pronto las circunstancias lo permitieron.*" (Énfasis suplido.) 9 L.P.R.A. sec. 2057.