**TRAILER MARINE TRANSPORT CORP., Plaintiff,**

v.

**Carmen M. RIVERA VAZQUEZ, Esq., Executive Director of the Automobile Accident Compensation Administration of Puerto Rico ("AACA"), et al., Defendants.**

**Civ. No. 90–1374 (JP).**

United States District Court, D. Puerto Rico.

Oct. 25, 1990.

Nicolás Jiménez Torres, Jiménez, Graffam & Lausell, San Juan, P.R., for plaintiff.

Carlos Del Valle Cruz, Ramírez & Ramírez, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PIERAS, District Judge.

The Court has before it defendants' Motion to Dismiss for lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted, and based upon the Burford abstention doctrine. Plaintiff is a corporation engaged in the transportation of goods by sea. The plaintiff challenges the constitutionality of Puerto Rico Law 26 (amendment to 9 L.P.R.A. § 2064 (1976)), which provides for the assessment by the Automobile Accident Compensation Administration (AACA), of a special premium upon van trailer vehicles engaged in maritime transportation. These van trailers enter the island on a temporary basis. Plaintiff claims that the special premium is unconstitutional because it obstructs the flow of interstate commerce, and because the imposed premium amounts bear no rational relation to the use of trailers upon Puerto Rico's roads and highways. Plaintiff requests a judgment declaring Law 26 unconstitutional on its face. Plaintiff also requests a preliminary and permanent injunction restraining the AACA Administrators from enforcing Law 26. Federal jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (1976), as the action arises under U.S. Const. art. I, § 8, cl. 3, and U.S. Const. amend. XIV, § 1.

Defendants contend that the plaintiff has failed to state a claim upon which relief can be granted because, Law 26 is rationally related to the Commonwealth's health and safety policy goals underlying the Automobile Accident Social Protection Act, 9 L.P.R.A. § 2051 et seq., which Law 26 amends. Defendants further contend that Law 26 is a health and safety regulation consistent with the Commerce Clause. Alternatively, the defendants claim that the Court lacks subject matter jurisdiction, because the Eleventh Amendment bars the suit against AACA (and its employees) as a government controlled agency. In addition, defendants allege that the Burford abstention doctrine warrants the abstention of the Court in this case.

For the reasons stated below, we grant the defendants' motion in part and dismiss the complaint pursuant to the Burford abstention doctrine.[1]

## I. THE FACTS

The Automobile Accident Social Protection Act (the Act), 9 P.R. Laws Ann. § 2051 et seq. (Supp.1988) is social legislation with the purpose of creating a compulsory system for the compensation of automobile accident victims, irrespective of fault. This social legislation is implemented by AACA, and financed through the payment of registration fees by all vehicle owners. In 1989 the legislature enacted an amendment to the Act which provided for the assessment of a reduced fee upon trailers that would be in Puerto Rico for less than thirty days. H.R. 741, Act 27, Dec. 12, 1989 amendment to 9 L.P.R.A. § 2064 (1976). Rather than pay the regular annual $35.00 premium, the amendment permits transitory trailers to instead pay $15.00 for each chassis that is brought into Puerto Rico for less than a thirty-day period.

---

1. The defendants' Eleventh Amendment challenge to subject matter jurisdiction cannot stand because Eleventh Amendment sovereign immunity was waived by the Act which created the ACCA Administration. 9 L.P.R.A. § 2063(1) (1976).

   In addition, the request for a dismissal pursuant to Fed.R.Civ.P. 12(b)(6) cannot be granted. In order for a complaint to be dismissed for failure to state a claim, the complaint itself must be formally insufficient. As long as a party complies with the Fed.R.Civ.P. 8(a) liberal standard for pleadings—"short and plain statement of the claim showing that pleader is entitled to relief", the pleading is formally sufficient. Based upon the facts stated in the complaint, the plaintiff has adequately asserted a claim to relief under the Commerce Clause and the Equal Protection Clause.

Plaintiff claims that the special premium burdens ocean carriers like itself, which utilize roll-on-roll-off vessels, rather than lift-on-lift-off vessels. The plaintiff's roll-on-roll-off method of carrying trailers introduces into Puerto Rico a chassis [2] for each container it carries, because the plaintiff has no chassis permanently located in Puerto Rico.

In contrast, lift-on-lift-off vessels carry containers without a chassis, which would transform the vessel into a trailer. Large shore-based cranes lift the containers off the vessel and place them on a shore-based chassis where the container is coupled and secured to form a trailer. The trailers are placed in the yard to await delivery to the ultimate consignee. When the trailer is returned, the operation is reversed and the crane lifts the container off the chassis and loads it on board the vessel, leaving the chassis behind. The regular $35.00 annual AACA premium is paid for each chassis permanently established in Puerto Rico.

Plaintiff conducts business in Puerto Rico solely with the trailers that are transitorily brought aboard its barges. Because the plaintiff does not have a number of chassises permanently located on the island, it introduces into Puerto Rico a chassis for each container it carries. Plaintiff's trailers are carried aboard a roll-on-roll-off barge. Upon arrival of a barge in Puerto Rico, the trailers are rolled off of the barge by a tractor and are parked in a marshalling yard. Within a matter of a few hours or a few days, the trailers are then picked up by a trucker for final delivery to the ultimate consignee. Once the cargo is unloaded from the container, the trailers are then returned to the plaintiff's terminal for return voyage to the United States. The tractors used to haul and deliver the trailers are locally based vehicles, which upon their registration are licensed and provided with license plates by the Commonwealth authorities. The plaintiff does not own most of the trailers it carries. In the instances in which the plaintiff owns the trailer, it pays Maine state registration fees, but does not pay no-fault insurance, because Maine does not subject trailers to the same fees as its other motor vehicles. Plaintiff must pay the $15.00 premium for a thirty-day stay, or choose to pay the $35.00 premium for the entire year. The non-owned trailers have their home-state registration fees and ACCA fees paid by their respective owners.[3]

## II. BURFORD ABSTENTION DOCTRINE

■ The Burford abstention doctrine delineates circumstances in which a federal court should decline to hear a case of which it has jurisdiction, in order to avoid needless conflict with the states. Such an abstention is warranted if a federal court will come into conflict with the administration by a state of its own affairs. *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), was an action in which Sun Oil attacked the validity of an order of the Texas Railroad Commission granting Burford a permit to drill four wells on a small plot of land in the East Texas oil field. Rule 37 of the Commission specified certain minimum spacing between wells but also allowed the commission to make exceptions where necessary to prevent waste or to prevent the confiscation of

**2.** A chassis is the steel frame equipped with wheels, upon which is mounted the body of the trailer. The trailer is the combination of the chassis and the metal containers which carry the cargo. Each trailer is attached to a tractor for transportation to inland locations.

**3.** The procedural history of this case is as follows. On March 14, 1990 the plaintiff filed a complaint against the defendants in civil case no. 90–1373 challenging the constitutionality of Law 27, an amendment to P.R. Law 141. Law 27 is a state tax which requires the payment of a registration fee of five dollars for each entry into Puerto Rico of a trailer, up to a maximum of sixty-five dollars. On the same day the plaintiff also filed a complaint against the defendants in civil case no. 90–1374 challenging the constitutionality of the Law 26 insurance premium. These two cases were later consolidated. On March 27, 1990 this Court issued an Opinion and Order dismissing civil case no. 90–1373 for subject matter jurisdiction. The Opinion and Order also denied the plaintiff's request for a temporary restraining order as to the enforcement of Law 26.

property. Burford's permit had been granted such an exception. The Court noted that Texas had provided a system of thorough judicial review in the state courts. The power given the courts in review were such that "the Texas courts are working partners with the Railroad Commission in the business of creating a regulatory system for the oil industry." *Burford* 319 U.S. at 326, 63 S.Ct. at 1103. To allow federal courts also to review commission ordes could only lead to "[d]elay, misunderstanding of local law, and needless federal conflict with the State policy". *Id.* at 327, 63 S.Ct. at 1104.

The First Circuit has interpreted the Burford abstention doctrine as being appropriate for claims which seek individualized review of fact-specific regulatory decision making, but not for claims which attack a statute on its face. *See Bath Memorial Hosp. v. Maine Health Care Fin. Comm'n,* 853 F.2d 1007 (1st Cir.1988). In *Bath Memorial Hosp.,* the hospital brought an action raising constitutional and statutory challenges to the Maine Health Care Finance Act provisions which regulate hospital charges. The *Bath Memorial Hosp.* court viewed the case before it as the polar opposite to *Burford,* because the plaintiffs were not seeking an individualized review of cost specific regulatory decision making, but instead were attacking the statute as written. When a statute is constitutionally attacked on its face, the involvement of the federal court does not interfere significantly with the workings of a lawful state system as was the threat in *Burford.*

### III. THE AACA REGULATORY SYSTEM

■ In the instant case, the plaintiff professes to mount a constitutional attack upon the face of the AACA statute. Yet, in its complaint, the plaintiff states that it: will have no quarrel with the challenged premium if the defendants fix a yearly premium on each trailer plaintiff introduces into Puerto Rico which is equivalent to the premium fixed against its competitors in proportion to the degree that each carrier's trailers utilize Puerto Rico's highways and other resources. Plaintiff will have no quarrel with the challenged premium if it fixed on *any* rational basis.

In effect, the plaintiff is challenging the manner in which the statute is implemented by the AACA Board of Directors, not the constitutionality of the statute itself. As long as the AACA Board insures that the plaintiff will be assessed the same fees as its competitors, then the plaintiff has no complaint. The provision of the statute which is at issue simply states:

The amendment gives a new option to van trailer vehicles engaged in maritime transportation for bringing cargo into Puerto Rico from abroad and that enter the island on a temporary basis. These *may now opt to pay* a special premium for their brief stay on the island, instead of the regular annual premium, regardless of whether they are registered. The Administration's Board will fix the special premium, based on the number of times the vehicles enter Puerto Rico. The Administration will establish a mechanism for making the payments. Even though the fees will be paid in the Internal Revenue Offices of the Department of the Treasury, *the Administration will establish a mechanism for making the payments.*

H.R. 741, Act 27, Dec. 12, 1989 amendment to 9 L.P.R.A. § 2064 (1976) (emphasis added).

Thus, it is within the Administration's discretion to determine what payment mechanism is most rationally related to the goal of highway safety.

When the state legislature delegated its discretion to the AACA Board, it was clearly with the understanding that this administrative agency specializing in safety regulation, would know best how to safeguard human lives. In promulgating the Act, the legislature provided that AACA set forth the necessary regulations to enforce the provisions of the Act. 9 L.P.R.A. § 2060(3). AACA is empowered to set a premium with the approval of the Commissioner of Insurance. This premium is used

solely for the compensation of victims and for the administrative expenses of the no-fault scheme. The Act also empowers AACA to investigate the financial liability aspects of automobile accidents and accident prevention in order to make recommendations for change to the Governor and the legislature. 9 L.P.R.A. § 2063(2).

Even though it was the legislature which originally decided to fix the premium based upon the number of times a vehicle enters Puerto Rico, it is up to the AACA Board to decide how the proportionality should be evaluated. It is fair to say, that if the special premium itself was fixed at a much lower rate, plaintiff would not consider itself unjustly burdened. An analysis of what rate would be most be effective at maintaining the safety of Puerto Rico's roads and highways (and also satisfy the plaintiff's sense of equity) is a function that federal courts are not designed to serve, because it would entail the review of cost specific regulatory administrative decision making. *See Bath Memorial,* 853 F.2d at 1007. The Act provides for the setting of rates based upon the actuarial studies and experience of the AACA Board. 9 L.P.R.A. § 2063(4).[4] The federal court has neither access to AACA's expertise nor to the skill of conducting actuarial studies. Any attempt by this Court to undertake such an endeavor would be a needless conflict with the Commonwealth's regular administration of its affairs—a situation the Burford abstention doctrine was created to avoid.[5]

In addition, plaintiff justifies the constitutional challenge with the premise that it had never before been subject to the assessment of a premium. *See* Plaintiff's Amended Complaint, item no. 16 ("Since late 1987, defendants have been making efforts to bring the foreign based trans-itory trailers carried by plaintiff within the AACA 'no fault' insurance scheme"). Yet, the Act itself states that "the cost of this insurance shall be distributed among *all the motor vehicle* owners," 9 L.P.R.A. § 2064(1) (emphasis ours), and the statutory list of definitions includes trailers under the definition of motor vehicle. 9 L.P. R.A. § 2052(4). The amendment at issue in this case clarifies that foreign "van trailer vehicles ... may now opt to pay a special premium for their brief stay on the island, *instead of* the regular annual premium." 9 L.P.R.A. § 2064(2) (Supp.1990) (emphasis ours). An argument that van trailers were never encompassed by the statute before the amendment was passed by the legislature is a matter of state law interpretation that is better left to the state tribunal. Judicial interpretation which would stretch the literal meaning of a state statute is more appropriately done by a state forum. *See Pandis v. Sikorsky Aircraft Division of United Technologies Corp.,* 431 F.Supp. 793, 796 (D.C.Conn.1977) ("[I]t would be inappropriate for a federal court to reach out and take jurisdiction over a cause of action that can only succeed by giving the state statute an interpretation far different from the plain meaning of the words the state legislature used."). *See e.g., Douglas v. American Cyanamid Co. et al.,* 472 F.Supp. 298, 305 n. 5 (D.C.Conn.1979). Furthermore, the state court's frequent consideration of requests for interpretations of the Act which stretch its plain meaning, (*e.g., Peña Arán v. A.A.C.A.,* 116 D.P.R. 606 (1985); *Ortiz Morales v. A.A. C.A.,* 116 D.P.R. 387 (1985); and *A.A.C.A. v. Yantin,* 103 D.P.R. 59 (1974)), indicates that federal judicial interference in the present case would bring the federal court into conflict with the state administration

---

**4.** Although the plaintiff alleges in its complaint that the defendant AACA set the premium rates arbitrarily without utilizing an actuarial study, the plaintiff fails to support the allegation with an affidavit or other evidence.

**5.** Any concern regarding the adequacy of a state forum deciding federal constitutional issues is minor given the fact that state courts are obligated to decide properly presented federal questions. *See Hathorn v. Lovorn,* 457 U.S. 255, 102

S.Ct. 2421, 72 L.Ed.2d 824 (1982), *reh'g denied,* 458 U.S. 1131, 103 S.Ct. 15, 73 L.Ed.2d 1401 (1982). In addition, it is presumed that state courts enjoy concurrent jurisdiction with federal courts over federal claims, as long as federal law is recognized as paramount. *See Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 477–78, 101 S.Ct. 2870, 2874–75, 69 L.Ed.2d 784 (1981).

of its own affairs. Therefore an abstention is warranted in this case.

Wherefore, in view of the foregoing, defendant's Motion to Dismiss is GRANTED, and the complaint is hereby DISMISSED pursuant to the Burford abstention doctrine. Judgment shall be entered accordingly.

IT IS SO ORDERED.